**Donald SEWARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55430.**

Missouri Court of Appeals, Eastern District, Division One.

April 25, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

D. Terrell Dempsey, Hannibal, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 24.035 motion after an evidentiary hearing. We affirm.

Movant pled guilty to driving while intoxicated (DWI), third offense, § 577.023.3, RSMo 1986, and was sentenced to five years' imprisonment. The trial court suspended execution of the sentence and placed movant on probation. Movant's probation was revoked; his Rule 24.035 motion followed.

In his motion and first point on appeal, movant contends that he was not represented by counsel at the time of his 1981 DWI guilty plea, and that the prior guilty plea should not therefore have been used to enhance the punishment resulting from his latest DWI guilty plea. At the motion hearing, movant testified as did the judge who presided over the 1981 plea hearing. The judge testified, "I specifically advised [movant] that he had a right to have an attorney represent him on the charge." In denying relief, the motion court found:

> The movant's testimony that he was not advised of the right to counsel is equivocal and the Court does not believe this testimony; instead [the court believes] the testimony of [the judge who presided over the 1981 guilty plea] and the record of the conviction for the 1981 DWI charge, State's Exhibit No. 1, which disclosed that movant was advised of his rights and proceeded to enter a plea of guilty after having been so advised.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Cf. Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App. 1986). The motion court is not required to believe the testimony of a movant or any other witness at a Rule 24.035 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Cf. Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987). Deferring to the motion court's credibility determination, we conclude the court's findings and conclusions are not clearly erroneous.

Movant's second point is so violative of Rule 84.04(d) that it preserves nothing for us to review.

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.